In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00131-CR


______________________________




JEREMY JEMERE BELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00401




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Jeremy Jemere Bell, appellant, has filed with this Court a motion to dismiss his appeal. The
motion is signed by Bell's counsel. Attached to the motion is "Appellant's Directive to Appellate
Counsel," stating Bell has instructed his counsel to file a motion to dismiss the appeal. This
document is signed by Bell and notarized. As authorized by Rule 42.2, we grant the motion. See
Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.



 Bailey C. Moseley

 Justice


Date Submitted; January 2, 2008

Date Decided: January 3, 2008


Do Not Publish



0.5in; margin-right: 0.5in">LARRY EVERETT WHITE, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 21,453


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            On June 6, 2003, Larry Everett White, Jr., waived his right to a jury trial and pled guilty to
five felony charges pending in Hunt County, Texas. This appeal concerns only White's conviction
for aggravated robbery in trial court cause number 21,453.


 The indictment further alleged White
had been previously, finally, and sequentially convicted of two additional felony offenses. After the
trial court admonished White about the enhanced punishment range applicable in this case (twenty-five to ninety-nine years, or life), White pled "true" to enhancement allegations. The trial court
ordered a presentence investigation report. On July 24, 2003, the trial court sentenced White to fifty
years' imprisonment. (There was not a negotiated plea agreement in this case.) White timely
appealed his conviction and sentence to this Court. 
            White appealed each of his five convictions separately, but the briefs in four of the cases are
substantively identical: White's counsel has reviewed the record and determined there are no
nonfrivolous issues that may be raised; he asks that we allow him to withdraw as counsel pursuant
to Anders v. California, 386 U.S. 738 (1967).
            Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in White v. State, No. 06-03-00173-CR, we likewise affirm the trial court's judgment.
 
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 2, 2004
Date Decided:             March 18, 2004

Do Not Publish